CHAD C. COUCHOT, Bar No. 245455
SCHUERING ZIMMERMAN & DOYLE, LLP
400 University Avenue
Sacramento, California  95825-6502
(916) 567-0400
FAX:  568-0400

KIM MANDELBAUM, Nevada Bar No. 318
MANDELBAUM ELLERTON & ASSOCIATES
2012 Hamilton Lane
Las Vegas, Nevada 89106
Telephone:   (702) 367-1234
Facsimile:    (702) 367-1978

Attorneys for Defendants NAPHCARE, INC., LARRY WILLIAMSON, M.D., ASHLEY KOMACSAR, and ARTHUR GALICIA

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TONEY ANTHONY WHITE,<br><br>  Plaintiff,<br><br>vs.<br><br>COUNTY OF CLARK NEVADA (COCN), a Municipality Incorporated under the State of Nevada; NAPHCARE, an Alabama Corporation qualified to do business in the State of Nevada; et al.,<br><br>  Defendants.<br>_____ | No.   2:16-cv-00734<br><br>**DEFENDANTS NAPHCARE, INC., LARRY WILLIAMSON, M.D., ASHLEY KOMACSAR, and ARTHUR GALICIA'S ANSWER TO FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Come now Defendants NaphCare Inc., Larry Williamson, M.D., Ashley Komacsar, and Arthur Galacia (Answering Defendants), and answering the Fourth Amended Complaint of Plaintiff on file herein, admit, deny and alleges as follows:

**INTRODUCTION**

1. Answering paragraph 1 included in the "Introduction" section of the Fourth Amended Complaint, Answering Defendants admit the Fourth Amended Complaint alleges violations of the various laws described therein. Answering Defendants deny they violated plaintiff's rights or any law.

///

## JURISDICTION

2. Answering paragraph 2 included in the "Jurisdiction" section of the Fourth Amended Complaint, Answering Defendants admit the United States District Court has jurisdiction of the claims and controversies described in the Fourth Amended Complaint.

## CONDITIONS PRECEDENT

3. Answering paragraph 3 included in the "Conditions Precedent" section of the Fourth Amended Complaint, Answering Defendants do not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

## PARTIES

4. Answering paragraphs 4-5, 7-13, and 15 included in the "Parties" section of the Fourth Amended Complaint, Answering Defendants do not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

5. Answering paragraph 6, Answering Defendants admit each and every allegation contained therein.

6. Answering paragraph 14, Answering Defendants admit Dr. Williamson, Ms. Komacsar, Mr. Galacia, D. Jones, Cheri Smith, Saldivar Raul, Teresa Caldwell, Clark, Perry, Mendoza, Kody Cardner, Messeret Gebrey, Rochelle Peoples, Anabelle Evangeisia, Marrisa Player, Elizabeth Akhtar, Lawanda McClain, Michael Vu, Rubelleta Yado, Deborah Canto, Marian Murriel, Quinita Jackson, Debra Vanderwaas, Marina Alberto, Crystal Gonzalez, Remielyn Manding, Mestowote Tilahun, Larry Hall, Frederick Laita, Horace Tedeo, Marco Alvarado, Vaylon Guins, Franc Cadet, Michael Pollard, Efren Delacruz, Marlon Hogan, Darren Hardin, Henry Coker, and Mark Smith were employed by NaphCare Inc. As to the

1  remaining allegations, Answering Defendants do not have sufficient knowledge or
2  information upon which to base a belief as to the truth of the allegations therein
3  and, upon said ground, deny each and every allegation contained therein.

**FACTS**

7. Answering each and every paragraph included in the "Facts" section of the Fourth Amended Complaint (paragraphs 16-94), Answering Defendants deny each and every allegation contained therein as to them. As to all other Defendants, Answering Defendants lack sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

**LEGAL CLAIMS**

**CLAIM I**

8. Answering each and every paragraph included in the "CLAIM I" section of the Fourth Amended Complaint (paragraphs 95-101), Answering Defendants deny each and every allegation contained therein as to them. As to all other Defendants, Answering Defendants lack sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

**CLAIM II**

9. Answering each and every paragraph included in the "CLAIM II" section of the Fourth Amended Complaint (paragraphs 102-105), Answering Defendants deny each and every allegation contained therein as to them. As to all other Defendants, Answering Defendants lack sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

**CLAIM III**

10. Answering each and every paragraph included in the "CLAIM III" section of the Fourth Amended Complaint (paragraphs 106-110), Answering

Defendants deny each and every allegation contained therein as to them. As to all other Defendants, Answering Defendants lack sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

**CLAIM IV**

11.   Answering each and every paragraph included in the "CLAIM IV" section of the Fourth Amended Complaint (paragraphs 111-114), Answering Defendants deny each and every allegation contained therein as to them. As to all other Defendants, Answering Defendants lack sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

**CLAIM V**

12.   Answering each and every paragraph included in the "CLAIM V" section of the Fourth Amended Complaint (paragraphs 115-119), Answering Defendants deny each and every allegation contained therein as to them. As to all other Defendants, Answering Defendants lack sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

**CLAIM VI**

13.   Answering each and every paragraph included in the "CLAIM VI" section of the Fourth Amended Complaint (paragraphs 120-125), Answering Defendants deny each and every allegation contained therein as to them. As to all other Defendants, Answering Defendants lack sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and, upon said ground, deny each and every allegation contained therein.

**CLAIM VII**

14.   Answering each and every paragraph included in the "CLAIM VII" section of the Fourth Amended Complaint (paragraphs 126-136), Answering

1 Defendants deny each and every allegation contained therein as to them. As to all
2 other Defendants, Answering Defendants lack sufficient knowledge or information
3 upon which to base a belief as to the truth of the allegations therein and, upon said
4 ground, deny each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

**1.**

### **FAILURE TO STATE CAUSE OF ACTION**

That Plaintiff's Fourth Amended Complaint does not state facts sufficient to constitute a cause of action against these Answering Defendants.

**2.**

### **COMPARATIVE NEGLIGENCE OF PLAINTIFF**

That Plaintiff was negligent in some percentage compared to that of other parties, and said negligence contributed legally to any injuries or damages.

**3.**

### **COMPARATIVE NEGLIGENCE OF OTHERS**

That other persons and/or entities who are parties to this action and other persons and/or entities who are not parties to this action are liable for negligence or other legal fault and, should Plaintiff obtain a judgment for damages, it would be the result of such conduct other than that of defendant and the legal cause of any injuries or damages.

**4.**

### **EXPRESS ASSUMPTION OF THE RISK**

That Plaintiff expressly assumed the risk of injury with full knowledge and appreciation of such conduct and that such conduct was the legal cause of any injuries and damages.

///

///

///

**5.**

**MITIGATION OF DAMAGES**

That Plaintiff failed to exercise reasonable diligence to mitigate any alleged damages and said conduct was the legal cause of any injuries and damages.

**6.**

**FAILURE TO STATE CAUSE OF ACTION**

**FOR PUNITIVE DAMAGES**

That Plaintiff's Fourth Amended Complaint does not state facts sufficient to constitute a cause of action for punitive damages against these Answering Defendants.

**7.**

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Plaintiff has failed to demonstrate that he exhausted the available administrative remedies as required under 42 USC § 1997e(a), as amended by the Prison Litigation Reform Act of 1996, and any other available administrative remedies.

**8.**

**QUALIFIED IMMUNITIES**

Answering Defendants are qualifiedly immune from civil damages because their conduct did not violate clearly established statutory constitutional rights of which a reasonable person would have known.

**9.**

**NOT ACTING UNDER COLOR OF LAW**

Answering Defendants were not acting under color of law at the time they provided medical care and treatment to the Plaintiff.

**10.**

**STATUTE OF LIMITATIONS**

Plaintiff's claims are barred by the statute of limitations.

**11.**

**QUALIFIED IMMUNITY**

Answering Defendants are protected from liability and suit by 42 United States Code § 1983 and are, therefore, barring Plaintiff from any and all recovery from these Answering Defendants.

**12.**

**UNKNOWN DEFENSES**

Answering Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory terms used in Plaintiff's Fourth Amended Complaint. Accordingly, Answering Defendants expressly reserve the right to assert additional defenses if and to the extent that such affirmative defenses become applicable.

**WHEREFORE**, Answering Defendants pray that Plaintiff take nothing by reason of the Fourth Amended Complaint on file herein, for costs of suit incurred herein; and, for such other and further relief as the court deems just and proper.

Dated: July 11, 2019

**SCHUERING ZIMMERMAN & DOYLE, LLP**

By  /s/ *CHAD C. COUCHOT*
  CHAD C. COUCHOT
  Attorneys for Defendants NAPHCARE, INC., LARRY WILLIAMSON, M.D., ASHLEY KOMACSAR, and ARTHUR GALICIA

**CERTIFICATE OF SERVICE BY MAIL**

Pursuant to NRCP 5(b), I certify that the foregoing:

**DEFENDANTS NAPHCARE, INC., LARRY WILLIAMSON, M.D., ASHLEY KOMACSAR, and ARTHUR GALICIA'S ANSWER TO FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Was served by mailing a copy thereof, first class mail, postage prepaid, on the 11th day of July, 2019, addressed as follows:

| Attorney | Representing | Phone/Fax/E-Mail |
|---|---|---|
| Toney Anthony White (1214172) High Desert State Prison P.O. Box 650 Indian Springs, NV 89070 | Plaintiff | |

*/s/ C.PERRAULT*
An employee of Schuering Zimmerman & Doyle, LLP
1737-11400